**United States District Court
District of Massachusetts**

```
_____
                              )
Marc Weinreich,               )
                              )
          Plaintiff,          )
                              )
     v.                       )     Civil Action No.
                              )     21-10496-NMG
Cynthia Brooks, et al.,       )
                              )
          Defendants.         )
                              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is an action brought by Marc Weinreich ("plaintiff" or "Weinreich") against his former employer the Greenfield Environmental Trust Group ("GETG" or "the company") and the founder, majority shareholder and president of GETG, Cynthia Brooks ("Brooks") (collectively with GETG, "defendants"). Weinreich alleges that Brooks impermissibly stripped him of his titles and responsibilities as a shareholder, officer and director of GETG to force him out of the company. Pending before the Court are two motions: (1) defendants' joint motion for partial judgment on the pleadings and (2) plaintiff's motion to amend the complaint.

## I.   **Background**

Weinreich alleges that he and Brooks together founded GETG in 2000.  Brooks owned 51 percent and Weinreich owned 49 percent.  GETG serves as a court-designated environmental response and custodial trustee to assist in cleaning contaminated sites throughout the country.  Weinreich claims that he was responsible for overseeing most of the operational and administrative duties of the company, while Brooks focused on billing project management work.

In 2018, Brooks began a restructuring of GETG that became final in July, 2019 ("the July Reorganization").  The July Reorganization resulted in the removal of Weinreich as the Co-Managing Principal of the most significant business project of GETG and the transferal of many of his responsibilities to other employees.  Brooks explained that the restructuring came in response to complaints of five employees that Weinreich had created a hostile work environment.  Shortly after the July Reorganization, Brooks instructed Weinreich not to speak with GETG employees or outside third parties and proceeded to remove him from the company's Board of Directors.

Weinreich protests that the July Reorganization was intended to concentrate power and control of GETG in Brooks and to force him out of the company.  He claims that Brooks had

grown resentful that he did not work as many billable hours as she did and that he had a partial equity stake in other businesses in Utah.  He also asserts that Brooks has withheld information about the employee complaints and refused to initiate an independent investigation of the allegations.

In September, 2019, Weinreich resigned as an officer of GETG and, in November, 2019, filed a complaint against defendants in Utah state court.  In his original complaint, Weinreich alleged: (1) shareholder oppression under Utah Code Ann. § 16-10a-1902 against both defendants (Count I), (2) breach of contract against the company (Count II), (3) breach of fiduciary duty against Brooks (Count III) and (4) wrongful discharge in violation of public policy against both defendants (Count IV).  He also asserted a breach of contract claim against Greenfield Environmental Multistate Trust LLC ("GEMT") but the parties later stipulated to the dismissal of GEMT without prejudice.

In December 2019, defendants timely removed the action to the United States District Court for the District of Utah based on diversity jurisdiction under 28 U.S.C. § 1332.  The action was then transferred to this Court in March, 2021 because the Utah court concluded it did not have personal jurisdiction over Brooks.

In April, 2021, defendants filed a joint answer in which
they denied many of the substantive allegations made in the
complaint and assert 17 affirmative defenses, including, but not
limited to: failure to state a claim, contributory negligence,
and the doctrines of unclean hands, estoppel, waiver and laches.
That same day, defendants filed a joint motion for judgment on
the pleadings on the first and fourth claims asserted in the
complaint.

In June, 2021, plaintiff opposed that motion and filed a
motion to amend the complaint, which defendants subsequently
opposed.  Plaintiff's motion to amend seeks to add 11 additional
claims under Massachusetts law and a new defendant.  Discovery
in the case is ongoing.

## II.  **Analysis**

The Court will address plaintiff's later-filed motion to
amend his complaint first because defendants' pending motion for
judgment is contingent upon that pleading.

A party may amend his pleading by leave of the court, which
should be "freely give[n]...when justice so requires". Fed. R.
Civ. P. 15(a)(1); Holbrook v. Boston Scientific Corp., No. 20-
10671, 2020 WL 5540544, at *1 (D. Mass. Sept. 16, 2020).  Rule
15(a) gives courts broad discretion in deciding whether to allow
or deny leave to amend. U.S. ex rel. Ge v. Takeda Pharm. Co.,

- 4 -

737 F.3d 116, 127 (1st Cir. 2013).  A court acts within that discretion if it denies leave for reasons of, inter alia, undue delay in filing the motion, repeated failure to cure deficiencies, undue prejudice to the opposing party or futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).  The standard for allowing amendments under Fed. R. Civ. P. 15(a) has often been described as "liberal," O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2004), and a reviewing court "must consider the totality of the circumstances" in making the determination. Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).

Defendants urge the Court to deny plaintiff's motion to amend because 20 months has elapsed between the filing of his original complaint and the filing of the motion to amend.  This delay, according to defendants, was undue and is therefore inherently prejudicial.  They draw attention to the procedural benchmarks that the case has already passed, including the transfer of venue and the arbitration proceeding which dealt with Weinreich's stake in GETG.  According to defendants, the plaintiff's remaining grievances can be fairly adjudicated within the framework of his original complaint and any amendment would be futile.

The First Circuit Court of Appeals has repeatedly recognized that "undue delay in moving to amend, even standing alone, may be...an adequate reason" to deny a motion for leave to amend. United States ex rel. Hagerty v. Cyberonics, Inc., 146 F. Supp. 3d 337, 345 (D. Mass. 2015), aff'd 844 F.3d 26 (1st Cir. 2016) (quoting In re Lombardo, 755 F.3d 1, 3 (1st Cir. 2014)). Thus, when "a considerable period of time has passed between the filing of the complaint and the motion to amend," the burden is on "the movant to show some valid reason for his neglect and delay." Nikitine, 715 F.3d at 390 (quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979)). In assessing the sufficiency of such a reason, "a court will take account of what the movant knew or should have known and what he did or should have done" to determine whether such alterations could have been requested earlier, perhaps even at the original time of filing. In re Lombardo, 755 F.3d at 4 (quoting Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 72 (1st Cir. 2001)).

Here, Weinreich has satisfied this minimal burden by demonstrating that, while the delay has been considerable, it stemmed largely from procedural interruptions and uncertainties beyond his control. This litigation, originally filed in Utah state court, was removed to the federal court of Utah by the defendants, stayed for over six months while the parties engaged

in a valuation and right of first refusal process, and only then transferred to this Court.  Three months then elapsed between that transfer and the filing of the pending motion to amend. That activity altered the "legal landscape" of the case, and justifies plaintiff's motion to amend, particularly when he has not previously had an opportunity to make the responsive changes. Del Rosario on behalf of Burke v. Nashoba Reg'l Sch. Dist., No. CV 19-40107-TSH, 2021 WL 4295852, at *2 (D. Mass. Sept. 21, 2021).  It is relevant to note that Weinreich originally sought leave to amend his complaint in the District of Utah, but the court declined to decide that motion prior to the transfer of venue. Nikitine, 715 F.3d at 390 ("Whether the plaintiff, by rule or court order, had a prior opportunity to amend is one data point to be taken into account, but that circumstance does not have a talismanic significance" (citations omitted)).

Moreover, defendants will not suffer prejudice because this case remains in its nascent stages.

> [A]s a case progresses...the burden on a plaintiff seeking to amend a complaint becomes more exacting.

Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). In this suit, discovery is just beginning and dispositive motions are not due for over nine months.  The circumstances here are therefore fundamentally unlike those in the cases cited

- 7 -

by defendants for the proposition that even a relatively minimal
delay can be considered undue, and thus inherently prejudicial,
in certain circumstances.

Defendants oppose Weinreich's motion to amend primarily
based on the alleged undue delay.  Having rejected this
argument, the Court reserves for later consideration the
substantive merits of the plaintiff's complaint.  Moreover,
because Weinreich has proposed amendments to both counts upon
which defendants seek judgment on the pleadings, the Court
declines to rule on the defendants' pending motion before the
forthcoming amendments to the underlying complaint are filed.

**ORDER**

For the foregoing reasons,

1)  plaintiff's motion to amend (Docket No. 87) is
    **ALLOWED;** and

2)  defendants' motion for judgment on the pleadings
    (Docket No. 76) is **DENIED WITHOUT PREJUDICE.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 7, 2021

- 8 -